## J. E. NEAL v. L. D. ELLIOTT.

ATTORNEY-FEES; *Sec. 1, Chap. 77, Laws of 1876, Construed.* Where a bill or note is pledged as collateral security for a debt and the pledgee brings suit to collect such bill or note, the reasonable fees of counsel in such suit are a charge upon the pledgor, and only the net proceeds of the collection after payment of such fees are a payment upon the debt. The rule of the common law is not changed by §1 of ch. 77 of the Laws of 1876, which forbids any contract in a note, bill, or mortgage for the payment of attorney-fees or the rendition of any judgment against the maker of any such paper for any such fees.

### Error from Harvey District Court.

AT the March Term, 1879, of the district court, *Elliott* recovered a judgment against *Neal,* who brings the case to this court.   The facts fully appear in the opinion.

*Bowman & Holmes,* for plaintiff in error.

*Ady & Grattan,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On the 10th day of April, 1877, the defend-
ant in error, L. D. Elliott, executed and delivered to the
Harvey County Savings Bank his promissory note for forty-
two dollars, payable in sixty days after its date, and to secure
the payment of the same, pledged and delivered to said bank
an order on school district No. fifty-one (51), McPherson
county, Kansas, for the sum of fifty-one dollars, payable in
June, 1877. The Harvey County Savings Bank then trans-
ferred said note and order to J. E. Neal, plaintiff in error,
who, after the maturity of the note, brought suit against said
school district to recover the amount of said order. The
evidence in the trial of said last-mentioned case proved that
the defendant in error, L. D. Elliott, *before* the order was
pledged to the bank, had received thirty dollars from said
school district to apply in payment of, but which had not been
indorsed upon said order, which fact was concealed from the
bank by Elliott. Neither the bank nor plaintiff in error
knew that thirty dollars, or any sum whatever, had been by
said school district paid to Elliott until after the maturity of
said note. The judgment against the school district was for
the amount of the order and interest, less the thirty dollars
already paid to Elliott, upon which judgment Bowman &
Holmes, as attorneys for Neal, filed a lien for their fees, to
the extent of twenty-five dollars, and the amount of said
judgment was by the clerk of the court paid to Bowman &
Holmes, and retained by them. Neal afterward brought
suit on said note, and recovered the full amount thereof.
Elliott then brought suit against Neal to recover the amount
of said judgment rendered in Neal's favor against said school
district, and recovered a judgment against Neal for the
amount, to reverse which the plaintiff in error brings the
cause to this court.

The question which arises upon these facts is whether, when
a bill or note is pledged as security for a debt, the pledgee, if
he attempts to collect such bill or note, must do so at his own

expense. That the pledgee of such paper has a right, in the absence of express stipulation to the contrary, to collect the same by suit, is clear; and that at common law, and independent of statute, the reasonable cost and expense of such collection was chargeable to the pledgor, is not seriously controverted. Edwards, in his work on Bailments, thus states the law:

"The pledge is made for the mutual benefit of the parties to the contract; and the collection, or the effort to collect, the collateral security, is as much for the benefit of the debtor as it can be for the creditor. Besides this, the creditor is legally entitled to recover and realize the face of his demand, after deducting incidental expenses; and though it may be presumed that he willingly undertakes the personal trouble and care of collection, it can hardly be inferred that he also assumes to pay the actual costs and disbursements of the prosecution — for that would be to cast upon him another man's burden."

The main contention of counsel is, that this rule is changed by statute. The statute to which they refer is §1, ch. 77, of the Laws of 1876, which provides that "it shall be unlawful for any person or persons, company, corporation, or bank, to contract for the payment of attorneys' fees in any note, bill of exchange, bond, or mortgage; . . . and that hereafter, no court in this state shall render any judgment, order, or decree, by which any attorneys' fees shall be allowed or charged to the *maker* of any promissory note, bill of exchange, bond, mortgage, or other evidence of indebtedness, by way of fees, expenses, costs, or otherwise." We do not consider this statute as applicable to the case at bar. The evil intended to be remedied by that enactment, was the practice of stipulating in notes and other evidences of indebtedness, for the payment of the creditor's attorney-fees in case of suit. All such stipulations are declared null and void, and courts forbidden to enforce them. But no such fees were sought to be collected in this case. The maker of the note was charged with no attorney-fees for the collection of the note. All he paid, was the amount due on the face of his paper. The order which

was collected by suit, was his order, and he was charged with simply the cost of collecting his own order. He had placed that order in the hands of another party, it is true, but only as security that he would make good his own promise. And when it was sued and collected, it was sued and collected for his benefit. True, by placing it where he did, he gave the pledgee the right to employ counsel and bring suit; but in this respect, the pledgee was acting as his agent, and employing counsel to render services for his benefit. It would be hard, indeed, if the pledgee were compelled at his own expense to employ counsel to collect the collateral, and then also employ and pay counsel to collect the principal debt. Whether the fees charged by counsel for the collection of the order were reasonable, is not before us, and only reasonable and proper fees could be charged to him. The net proceeds of such collection, after paying fees and expenses, were a payment on his note, and should have been allowed in the suit on the note.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.